**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD MURRELL, ON BEHALF OF HIMSELF AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN, | ) ) ) ) | NO. 1:19-cv- |
| | ) | |
| Plaintiff, | ) | Honorable Judge |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | |
| MUFFLERS 4 LESS III, INC., D/B/A VELASQUEZ MUFFLER & BRAKES 1, AN ILLINOIS CORPORATION AND SANTIAGO VACA, INDIVIDUALLY | ) ) ) ) ) | |
| Defendants. | | |

**COMPLAINT**

NOW COMES Plaintiff, **RONALD MURRELL,** ("Plaintiff"), on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for his Complaint against Defendants, **MUFFLERS 4 LESS III, INC., D/B/A/ VELASQUEZ MUFFLER & BRAKES 1, AN ILLINOIS CORPORATION, AND SANTIAGO VACA, INDIVIDUALLY** (each a "Defendant", collectively "the Defendants"), states as follows:

I.   **NATURE OF ACTION**

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

**II.**     <u>**JURISDICTION AND VENUE**</u>

2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

**III.**     <u>**THE PARTIES**</u>

3.     Defendant, **MUFFLERS 4 LESS III, INC. D/B/A/ VELASQUEZ MUFFLER & BRAKES 1,** owns and operates a vehicle service station located at 640 Lincoln Hwy, Chicago Heights, Illinois 60411. Defendant, **MUFFLERS 4 LESS III, INC., D/B/A/ VELASQUEZ MUFFLER & BRAKES 1,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.     Defendant, **SANTIAGO VACA,** is the owner of the corporate Defendant, **MUFFLERS 4 LESS III, INC., D/B/A/ VELASQUEZ MUFFLER & BRAKES 1,** and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is/was an "employer".

2

5.     Plaintiff, **RONALD MURRELL** (hereinafter referred to as "Plaintiff") is a former employee of Defendants who, between approximately June 2017 and April 2019, was employed by Defendants as a technician. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendants for hours worked over 40 per work week.

6.     All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who work or worked for Defendants and were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek. As an employee performing duties for an enterprise engaged in commerce, the named Plaintiff and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.     STATUTORY VIOLATIONS

### Collective Action Under The Fair Labor Standards Act

7.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff as an opt-in representative or collective action, on behalf of himself and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

8.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Illinois Wage Payment and Collection Act**

9. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiff to recover final compensation of wages and other compensation earned from the Defendants. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

**V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

10. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

11. Plaintiff, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

12. Plaintiff was employed by Defendants from approximately June 2017 to April 2019.

13. Plaintiff was employed a technician and performed duties related to motor vehicle servicing and repair (i.e. tire changes, oil changes, etc.), as well as other general labor duties such as cleaning the garage and offices of Defendants' store.

14.    Plaintiff's minimum schedule was the following: 8 a.m. to 6 p.m. but often until as late as 8:00 p.m. Monday through Friday; 8 a.m. to 5 p.m. but often as late as 6:00 p.m. or 7:00 p.m. on Saturday. Plaintiff did not receive or otherwise take a meal break during shifts.

15.    During the entirety of Plaintiff's employment with Defendants, he was paid an improper salary of $700 each week, in all cash, as payment in full for his standard 56 hour per week schedule.

16.    However, in instances where Plaintiff worked fewer than his standard 56 hour per week schedule, Defendants deducted from Plaintiff's weekly pay each hour worked below the 56-hour threshold at an approximate hourly rate of $12.50. This practice occurred throughout the entire duration of Plaintiff's employment with Defendants.

17.    Furthermore, Defendants did not pay Plaintiff any additional compensation for hours worked in excess of his 56-hour schedule. This practice occurred throughout the entire duration of Plaintiff's employment with Defendants.

18.    The job duties and reporting structures of Plaintiff, and other members of the Plaintiff Class who were similarly improperly paid a salary, did not and do not qualify under any of the salary exemptions established by the FLSA.

19.    Furthermore, Defendants' reduction of Plaintiff's pay when he worked less than 56 hours rendered Plaintiff an hourly employee entitled to overtime pay at time and one-half his regular hourly rate of pay for all hours worked in excess of 40 in a work week.

20.    Additionally, Defendants on multiple occasions illegally deducted from Plaintiff's wages, and from the wages of others similarly situated, business losses and

expenses. For examples, Defendants deducted from Plaintiff's pay, expenses and losses that arose parts needed for repairs and misplaced keys.

21.     In a further attempt to circumvent the federal and state statutes relied upon herein, Defendants paid Plaintiff all wages in cash in order to avoid the overtime provisions of the FLSA and IMWL and decreasing the amount taxes paid by Defendant to the United States Treasury and depriving Plaintiff and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid.

22.     Plaintiff worked in excess for forty (40) hours in many, if not all, workweeks during his employment without pay at a rate of time and one half his regular hourly rates of pay for such hours.

23.     Plaintiff was denied time and one half his regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

24.     The total number of hours worked by Plaintiff and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516.

25.     The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

26.     The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-26.   Paragraphs 1 through 26 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 26 of this Count I.

27.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

28.     Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d)     for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-28.   Paragraphs 1 through 28 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 28 of Count II.

29.     Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

30.     Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)     awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)     for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-30.   Paragraphs 1 through 30 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 30 of Count III.

31.     In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

32.     The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     awarding liquidated damages equal to the amount of all unpaid compensation;

(b)     awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)     for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-32.   Paragraphs 1 through 32 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 32 of this Count IV.

33.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

34.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

35.     Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

36.     Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)      directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

1-36.    Paragraphs 1 through 36 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of this Count V.

37.    Plaintiff, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

38.    Plaintiff, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

39.    The Defendants were each an "employer" under the IWPCA, 820 ILCS § 115/2.

40.    During his employment, the Defendants improperly deducted from the pay of the Plaintiff, and members of the Plaintiff Class, business expenses and other business losses incurred, in violation of the IWPCA. Plaintiff, and members of the Plaintiff class, as employees, cannot be held responsible for losses incurred by Defendants during the normal course of business. Defendants failed to tender Plaintiff and members of the Plaintiff Class their earned compensation, by way of improper deductions, in accordance with the Act.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding them:

(a)    A judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due Plaintiff;

(b)      Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c)      directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d)      for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 05/13/19*

_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.