IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD MURRELL AND CHRISTOPHER BRYANT, ON BEHALF OF THEMSELVES AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN,<br><br>Plaintiffs,<br><br>v.<br><br>MUFFLERS 4 LESS III, INC., D/B/A VELASQUEZ MUFFLER & BRAKES 1, AN ILLINOIS CORPORATION<br><br>Defendants. | N<u>o.</u> 1:19-cv-3238<br><br>**Honorable Judge Coleman**<br><br>Magistrate Judge Finnegan<br><br>***JURY DEMAND***|

## SECOND AMENDED COMPLAINT

NOW COME Plaintiffs, **RONALD MURRELL AND CHRISTOPHER BRYANT,** (each a "Plaintiff"), on behalf of themselves and all other plaintiffs similarly situated, known and unknown, by and through his attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON, and for their Second Amended Complaint against Defendant, **MUFFLERS 4 LESS III, INC., D/B/A/ VELASQUEZ MUFFLER & BRAKES 1, AN ILLINOIS CORPORATION** (the "Defendant"), states as follows:

**I.     NATURE OF ACTION**

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

## II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district and is a resident of this district and Defendant is or was engaged in business in this district.

## III. THE PARTIES

3. Defendant, **MUFFLERS 4 LESS III, INC. D/B/A/ VELASQUEZ MUFFLER & BRAKES 1,** owns and operates a vehicle service station located at 640 Lincoln Hwy, Chicago Heights, Illinois 60411. Defendant, **MUFFLERS 4 LESS III, INC., D/B/A/ VELASQUEZ MUFFLER & BRAKES 1,** is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Plaintiff, **RONALD MURRELL** (hereinafter referred to as "Plaintiff") is a former employee of Defendants who, between approximately June 2017 and April 2019, was employed by Defendants as a technician. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendant for hours worked over 40 per work week.

6. Plaintiff, **CHRISTOPHER BRYANT** (hereinafter referred to as "Plaintiff") is a former employee of Defendant who, has been employed by Defendant as a technician since

approximately 2003. During one or more weeks within that time frame, Plaintiff was denied overtime pay by Defendant for hours worked over 40 per work week.

7. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present hourly employees who work or worked for Defendant and were also not paid an overtime premium at a rate of one and one-half their regular rates of pay for hours worked in excess of 40 in a workweek and were subject to improper deductions from wages. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

**Collective Action Under The Fair Labor Standards Act**

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendant's failure to comply with 29 U.S.C. §201 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiffs herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Illinois Wage Payment and Collection Act**

10. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by Plaintiffs to recover final compensation of wages and other compensation earned from the Defendant. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the IWPCA are proper for certification under Federal Rule of Civil Procedure 23.

**V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

11. Plaintiff Murrell ("Murrell"), at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendant's business.

12. Murrell, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

13. Murrell was employed by Defendant from approximately June 2017 to April 2019.

14. Murrell was employed a technician and performed duties related to motor vehicle servicing and repair (i.e. tire changes, oil changes, etc.), as well as other general labor duties such as cleaning the garage and offices of Defendant's store.

15. Murrell's minimum schedule was the following: 8 a.m. to 6 p.m. but often until as late as 8:00 p.m. Monday through Friday; 8 a.m. to 5 p.m. but often as late as 6:00 p.m. or 7:00 p.m. on Saturday. Murrell did not receive or otherwise take a meal break during shifts.

16. During the entirety of Murrell's employment with Defendant, he was paid an improper salary of $700 each week, in all cash, as payment in full for his standard 56 hour per week schedule.

17. However, in instances where Murrell worked fewer than his standard 56 hour per week schedule, Defendant deducted from Murrell's weekly pay each hour worked below the 56-hour threshold at an approximate hourly rate of $12.50. This practice occurred throughout the entire duration of Murrell's employment with Defendant.

18. Furthermore, Defendant did not pay Murrell any additional compensation for hours worked in excess of his 56-hour schedule. This practice occurred throughout the entire duration of Murrell's employment with Defendants.

19. The job duties and reporting structures of Murrell, and other members of the Plaintiff Class who were similarly improperly paid a salary, did not and do not qualify under any of the salary exemptions established by the FLSA.

20. Furthermore, Defendant's reduction of Murrell's pay when he worked less than 56 hours rendered him an hourly employee entitled to overtime pay at time and one-half his regular hourly rate of pay for all hours worked in excess of 40 in a work week.

21. Additionally, Defendant on multiple occasions illegally deducted from Murrell's wages, and from the wages of others similarly situated, business losses and expenses. For example, Defendant deducted from Murrell's pay, expenses and losses that arose parts needed for repairs and misplaced keys.

22. In a further attempt to circumvent the federal and state statutes relied upon herein, Defendant paid Murrell all wages in cash in order to avoid the overtime provisions of the FLSA and IMWL and decreasing the amount taxes paid by Defendant to the United

States Treasury and depriving Plaintiff and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid.

23. Plaintiff Murrell worked in excess for forty (40) hours in many, if not all, workweeks during his employment without pay at a rate of time and one half his regular hourly rates of pay for such hours.

24. Plaintiff Murrell was denied time and one half his regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

25. Plaintiff Bryant ("Bryant"), at all times pertinent to the cause of action, was employed by Defendant, said employment being integral and indispensable to Defendant's business.

26. Bryant, on a regular basis within the dates of employment referenced above, worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half for such hours pursuant to the requirements of the federal and state statutes relied upon herein.

27. Bryant was employed by Defendant as a technician from 2003 until June 2019.

28. Plaintiff, as a technician, performed duties related to motor vehicle servicing and repair (i.e. tire changes, oil changes, etc.), as well as other general labor duties around the garage and offices of Defendant's store.

29. Bryant's minimum schedule was the following: 8 a.m. to 6 p.m. but often until as late as 8:00 p.m. Monday through Friday; 8 a.m. to 5 p.m. but often as late as 6:00 p.m. or 7:00 p.m. on Saturday. Plaintiff did not receive or otherwise take a meal break

during shifts.

30. During the relevant period, Bryant was paid an improper salary of approximately $700-$750 each week, paid every two weeks, as payment in full for his standard 56 hour per week schedule. Occasionally, Bryant would receive small cash payments to supplement the improper salary.

31. In a further attempt to circumvent the federal and state statutes relied upon herein, Defendant paid Bryant some wages in cash in order to avoid the overtime provisions of the FLSA and IMWL and decreasing the amount taxes paid by Defendant to the United States Treasury and depriving Plaintiff Bryant and members of the Plaintiff Class of contributions to Social Security, Medicare and Medicaid.

32. Plaintiff Bryant worked in excess for forty (40) hours in many, if not all, workweeks during his employment without pay at a rate of time and one half his regular hourly rates of pay for such hours.

33. Plaintiff Bryant was denied time and one half his regular rates of pay for hours worked, over 40 in a workweek pursuant to the requirements of the federal and state statutes relied upon herein.

34. The job duties and reporting structures of Bryant, and other members of the Plaintiff Class who were similarly improperly paid a salary, did not and do not qualify under any of the salary exemptions established by the FLSA.

35. The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendant, in that Defendant recorded or should have recorded such hours pursuant to the

record keeping requirements found Title 29 CFR, Part 516. To the extent Defendant lacks the records required by 29 CFR Part 516, Plaintiffs and the Plaintiff class will be capable of providing reasonable estimates of that time, as permitted by law.

36. The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

37. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendant and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-37. Paragraphs 1 through 37 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 37 of this Count I.

38. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

39. Defendant has at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiffs herein, and all other

Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

**(d)** for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-39. Paragraphs 1 through 39 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 39 of Count II.

40. Defendant's actions as complained of above were done with Defendant's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

41. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one

and one-half times their regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-41. Paragraphs 1 through 41 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 41 of Count III.

42. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendant's acts were not based upon good faith or reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

43. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)   awarding liquidated damages equal to the amount of all unpaid compensation;

(b)   awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

**(c)**   for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-43.   Paragraphs 1 through 43 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 43 of this Count IV.

44.   As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

45.   The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

46.   Defendant's failure to pay compensation as described above, has been willful and/or in bad faith.

47.   Plaintiffs seek certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)   declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this

matter, in violation of the provisions of the Illinois Minimum Wage Law;

      (b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

      (c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

      (d)     directing Defendant to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AN COLLECTION ACT

      1-47.     Paragraphs 1 through 47 of Count V are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 47 of this Count V.

      48.     Plaintiffs, and members of the Plaintiff Class, were each an "employee" under the IWPCA, 820 ILCS § 115/2.

      49.     Plaintiffs, and members of the Plaintiff Class, were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

      50.     The Defendant was an "employer" under the IWPCA, 820 ILCS § 115/2.

      51.     During Plaintiff Murrell's employment, the Defendant improperly deducted from the pay of Plaintiff Murrell, and members of the Plaintiff Class, business expenses and other business losses incurred, in violation of the IWPCA. Plaintiffs, and members of the Plaintiff class, as employees, cannot be held responsible for losses incurred by Defendant during the normal course of business. Defendant failed to tender Plaintiff Murrell, and members of the Plaintiff Class their earned compensation, by way of improper deductions, in accordance with the Act.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) A judgment in an amount to be determined at trial for all of the earned wages, agency withholding deposits and final compensation due to Plaintiffs;

(b) Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

(c) directing Defendant to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(d) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 10/11/19*

_____
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorney for Plaintiffs, and all other Plaintiffs similarly situated, known or unknown.