UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD MURRELL and<br>CHRISTOPHER BRYANT, ON BEHALF<br>OF THEMSELVES AND ALL OTHER<br>PLAINTIFFS SIMILARLY SITUATED,<br>KNOWN and UNKNOWN,<br><br>   Plaintiffs,<br><br>   v.<br><br>MUFFLERS 4 LESS III, INC. d/b/a<br>VELASQUEZ MUFFLER & BRAKES 1,<br>AN ILLINOIS CORPORATION<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:19-cv-03238<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

   Plaintiffs Ronald Murrell and Christopher Bryant, on behalf of themselves and all other plaintiffs similarly situated, filed a complaint against their employer, Mufflers 4 Less III, Inc. ("M4L"), stating that M4L failed to comply with the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*. In response, defendants filed an answer, raised affirmative defenses, and brought a two-count counterclaim against Bryant alleging civil theft (conversion) and breach of the duty of loyalty. Before the Court is plaintiff/counter-defendant Bryant's motion to dismiss the two-count counterclaim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), or alternatively, for a more definite statement under Rule 12(e). For the reasons outlined below, the Court grants in part without prejudice and denies in part Bryant's motion. The Court grants M4L leave to amend its conversion claim.

**Background**

   The Court takes the following facts from M4L's counterclaim as true for the purposes of

this motion. At all times relevant to this claim, Bryant worked for M4L and had an obligation to report the work he performed and to ensure that the store was paid for the work that he did. His duties as M4L's employee included performing oil changes and other car services for customers. Instead of performing these duties for the benefit of his employer, M4L claims that Bryant was running a "shop within a shop." M4L alleges that beginning in early 2019, its store manager noticed that Bryant would bring customers to the back of the shop where the customers and Bryant would speak directly to one another. According to M4L, these interactions between customers and Bryant were highly unusual.

Over time, the manager discovered that Bryant was making side deals with customers where the customers would agree to pay Bryant directly for a lesser rate for the same services that he performed as a M4L employee. For example, Bryant would use more expensive synthetic oil for an oil change instead of the less expensive petroleum-based oil. The customers would pay Bryant directly for the lesser priced oil, and Bryant would not compensate the store for the difference. M4L further alleges that Bryant would also perform free oil changes for friends and family. Out of growing suspicion from the manager, the store imposed a policy which banned technicians from interacting directly with customers. According to M4L, Bryant alone complained bitterly and loudly of this policy.

When the manager felt he had sufficient proof of Bryant's side-dealings, he confronted Bryant, who then made physical threats against the manager. Subsequently, Bryant was terminated. Following his termination, Bryant filed suit against M4L claiming that he had not been paid time and a half for overtime work in violation of the FLSA, IMWL, and IWPCA. M4L states that this is not only false in and of itself, but further rendered false because Bryant was working for himself, not his employer, for a significant portion of the time.

M4L asserts that Bryant should be liable for theft because he stole payments for services and materials, such as synthetic fuel, that belonged to the store. In addition, M4L alleges that Bryant used the store's premises and equipment without compensating M4L and that he accepted payment from his employer for time where he was not working for M4L. Furthermore, M4L states that Bryant's side deals breached the duty of loyalty that he owed to M4L.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).[1]

**Discussion**

In the counterclaim, M4L states a civil theft (conversion) claim specifically alleging that Bryant stole synthetic fuel, received payments that were due to the store for services and materials, improperly used the store's premises and equipment, and accepted payment from M4L for time he

---

[1] Bryant contends the allegations of civil theft (conversion) and disloyalty should be subject to the heightened pleading standard under Federal Rule of Civil Procedure 9(b), which requires that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Civil theft and disloyalty do not fall under this standard, especially because M4L did not alleged a fraudulent scheme, and thus the Court applies the federal pleading standards under Rules 8(a) and 12(b)(6).

3

was not working for his employer.

To state a claim for civil theft or conversion under Illinois law, M4L must allege that: (1) it has a right to the property; (2) it has an absolute and unconditional right to the immediate possession of that property; (3) it has made a demand for possession; and (4) Bryant wrongfully and without authorization assumed control, ownership, or dominion over the property. *Loman v. Freeman,* 229 Ill.2d 104, 127, 321 Ill.Dec. 724, 890 N.E.2d 446 (2008); *see also Van Diest Supply Co. v. Shelby County State Bank,* 425 F.3d 437, 439 (7th Cir. 2005). Additionally, "the subject of a conversion claim must be an identifiable object of property." *Song v. PIL, L.L.C.*, 640 F. Supp. 2d 1011, 1017 (N.D. Ill. 2009) (citing *In re Thebus*, 108 Ill.2d 255, 91 Ill.Dec. 623, 483 N.E.2d 1258, 1260 (1985)).

First, it is rare that a right to money will support a claim for conversion unless M4L shows that the money at issue can be described as "a specific fund or specific money in coin or bills." *Horbach v. Kaczmarek*, 288 F.3d 969, 978 (7th Cir. 2002). In other words, although converted funds "capable of being described, identified, or segregated in a specific manner" may support a conversion claim, "[a] right to an indeterminate sum is insufficient to maintain a cause of action in conversion." *Bill Marek's The Competitive Edge, Inc. v. Mickelson Grp., Inc.,* 346 Ill. App. 3d 996, 1004, 806 N.E.2d 280, 311 (Ill. App. Ct. 2004). As it stands, there is nothing in M4L's counterclaim that specifies how much money is owed to M4L or even a manner by which M4L would be able to identify this amount. Broadly concluding that Bryant stole payments from the store without more facts to support this claim does not pass muster under the federal pleading standards.

Nonetheless, Bryant allegedly took synthetic fuel, which is identifiable, but also some unspecified store materials and equipment. Given that the subject of a conversion claim must be a specific, identifiable object, the contention that Bryant "used various store materials associated with the services he performed" is insufficient to state a conversion claim under the federal pleading

4

standards. Although this is a close call, M4L must identify the various store materials and equipment that Bryant allegedly converted "to present a story that holds together." *Taha v. International Bhd of Teamsters, Local 781*, 947 F.3d 464, 470 (7th Cir. 2020). Therefore, the Court grants Bryant's motion to dismiss Count I of the counterclaim without prejudice.

Next, M4L argues that Bryant breached his duty of loyalty to his employer. "Under Illinois law, employees as well as officers and directors owe a duty of loyalty to their employer" although the "scope of the duty of loyalty may vary depending on whether a corporate officer or an employee is involved." *Beltran v. Brentwood N. Healthcare Ctr., LLC,* 426 F.Supp.2d 827, 831 (N.D. Ill. 2006); *see also Lawlor v. N. Am. Corp. of Ill.,* 368 Ill.Dec. 1, 983 N.E.2d 414, 433 (Ill. 2012). "Courts applying Illinois law have construed the duty of loyalty to prohibit officers or employees from improperly competing with their employer, soliciting the employer's customers, enticing co-workers away from the employer, diverting business opportunities, engaging in self-dealing and/or otherwise misappropriating the employer's property or funds." *Beltran*, 426 F.Supp.2d at 831.

Here, M4L has sufficiently alleged that Bryant was competing with his employer by soliciting M4L's customers for his side deals, thus diverting business opportunities away from M4L and engaging in self-dealing. Specifically, M4L alleges that in early 2019, its new manager noticed that Bryant was taking customers directly to the back of the shop to talk to them and that Bryant was making side deals with customers by converting the store's inventory to his own personal use. Under the circumstances, M4L has plausibly alleged that Bryant breached his duty of loyalty to his employer. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (a complaint is plausible on its face when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Court therefore denies Bryant's motion to dismiss Count II of the counterclaim.

**Conclusion**

For the foregoing reasons, this Court grants in part and denies in part Bryant's motion to dismiss [23]. The Court grants M4L leave to amend its conversion counterclaim, which is due on or before September 8, 2020. Because the Court is granting leave to amend, it denies as moot Bryant's alternative Rule 12(e) motion for a more definite statement.

IT IS SO ORDERED.

Date: 8/5/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge