IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD MURRELL AND CHRISTOPHER BRYANT, ON BEHALF OF THEMSELVES AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN,<br><br>    Plaintiffs,<br><br>    v.<br><br>MUFFLERS 4 LESS III, INC., D/B/A VELASQUEZ MUFFLER & BRAKES 1, AN ILLINOIS CORPORATION<br><br>    Defendants. | No. 1:19-cv-3238<br><br>Honorable Sharon Johnson Coleman<br>District Judge<br><br>**Honorable Sheila M. Finnegan**<br>**Magistrate Judge** |

**PARTIES' JOINT MOTION FOR EXTENSION OF TIME TO MOVE
FOR PRELIMINARY APPROVAL PURSUANT TO FED. R. CIV. P. 23**

NOW COME the Parties, by and through their attorneys of record, and for their Joint Motion for Extension of Time to Move for Preliminary Approval Pursuant to Fed. R. Civ. P. 23, state as follows:

1. The Parties are pleased to report to the Court that they have reached an agreement to settle this case in principle. That settlement needs to be finalized in all of its details, and a motion for preliminary approval of the settlement pursuant to FRCP 23 needs to be prepared and filed for this Court's consideration. The Parties, as part of the settlement, have agreed to consent to proceed before Magistrate Judge Finnegan for all purposes. The Parties seek to set a schedule for submission of the settlement and to vacate the current existing deadline to move for conditional certification, as the Parties have agreed to proceed under the Rule 23 process instead.

2. On October 19, 2020, the Parties first indicated to this Court that they intended to explore settlement of this matter, potentially on a class-wide basis. Dkt. 60. Over the last several months, the Parties have continued these negotiations, which have included numerous phone conferences and email correspondence and review of voluminous documents. The Parties recently further reported to this Court that they were working towards resolving Plaintiffs' wage and hour claims on a class basis.

3. On January 15, 2021, the Parties reported their settlement progress to this Court. Dkt. 63. The Parties indicated that they had agreed in principle on a weekly damage formula that shall be applied to each member of the Putative Class, such that damages will calculated by applying the weekly formula to the number of work weeks each putative class member worked for Defendant within the statutory period. This formula consists of negotiated amounts of underlying overtime, penalties and interest.

4. Following the Parties' January 15, 2021 status report on settlement, this Court gave the Plaintiffs a deadline of March 1, 2021 to move for conditional class certification, agreed or not. Since that time, the Parties have been diligently working to collect and gather details necessary for their joint motion and continuing peripheral negotiations.

5. Finalizing the settlement has been slowed by data collection issues. The data being collected is necessary to ascertain the precise number of work weeks to which the damage formula will be applied, and dates used to calculate interest pursuant to the Illinois Minimum Wage Law. As the Parties have reported to this Court before, Defendant did not utilize computers and instead used handwritten ledgers which are in many instances illegible. Counsel for Defendant have been working to create a sortable electronic version of the ledgers and have been working with the creator of the ledgers to ensure that correct and accurate

information is entered into the spreadsheet. The number of entries which are hard to read or understand are numerous, and COVID-19 has made the process of working with the ledger creator quite laborious.

6. While counsel for Defendant continues to work on finalizing the data necessary accurately implement the settlement, the Parties still need to finalize other settlement details including the selection of a settlement administrator and the mechanics of the claims process. In addition, as is appropriate, the Parties have not yet negotiated attorneys' fees, as fees should not be negotiated until after the class benefit has been resolved.

7. Once Defendant completes its production, the Parties will be able to move quickly to calculate damages for the putative class and complete all materials that will be included in their Joint Motion for Preliminary Approval.

8. The Parties acknowledge this Court's generous accommodation of their requests regarding additional time to engage in their negotiations. The Parties have made significant progress regarding their settlement discussions but require more time to finalize their agreement and provide the Court with complete materials. The Parties respectfully request an additional forty-five (45) days, to and including April 15, 2021, to file their Joint Motion for Preliminary Approval.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant their Joint Motion for Extension of Time to Move for Preliminary Approval Pursuant to Fed. R. Civ.

R. 23, through and including April 5, 2021 as described above, and for such other relief as the Court deems appropriate under the circumstances.

        Respectfully submitted,

        *Electronically Filed 02/26/2021*

        *s/Samuel D. Engelson*
        Samuel D. Engelson
        *Counsel for Plaintiffs*

        BILLHORN LAW FIRM
        53 West Jackson Blvd., Suite 401
        Chicago, IL 60604

        s/*Jeff Leon*_____
        Jeffrey A. Leon (ARDC #6207323)
        *Counsel for Defendant Mufflers 4 Less III, Inc.,*
        *d/b/a Velasquez Muffler & Brakes*

        PAVICH LAW GROUP, P.C.
        30 West Monroe Street
        Suite 1310
        Chicago, Illinois 60603
        (312) 690-8400
        jleon@pavichlawgroup.com